UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMUAL S. BURKS,<br>    Plaintiff, | Case No. 1:18-cv-282 |
| vs | Dlott, J.<br>Bowman, M.J. |
| CHRISTIE WEAVER,<br>    Defendant. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI), in Lebanon, Ohio, brings this civil rights action against defendant Christie Weaver, a Corrections Officer at LeCI. (*See* Doc. 1-1). By separate order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Allegations in the Complaint**

Plaintiff alleges that on December 19, 2017, defendant Weaver was looking around the dayroom and yelling "what are you looking at" to inmates in the showers. (Doc. 1-1, at PageID 17). Plaintiff also alleges that Weaver "keep[s] doing sexual acts every time her boyfriend works with her." (*Id.*). Further, plaintiff asserts that Weaver showed the tattoos on her arm to plaintiff and his cellmate and then, when plaintiff asked Weaver how she was doing, "slammed the door" in his face. (*Id.*). Plaintiff claims that on another occasion he came out of his cell to get his food tray and Weaver allegedly took the cookie out of his hand, gave it to her boyfriend, and said "so what." (*Id.*). Plaintiff alleges that he filed a grievance about the cookie incident and has since been bullied by Weaver. (*Id.*). Plaintiff also appears to allege that he has been subject to sexual harassment by Weaver. (*See id.* at PageID 18).

Plaintiff claims that in January 2018 Weaver approached him after he "got out [of] the

3

[h]ole" for a false conduct ticket she had written and said that she would "show [him] [a]bout writ[ing] [her] up." (*Id*. at PageID 17). Plaintiff claims that he was then "cuffed back up" and placed in "Lph" (Limited Privileges Housing). Plaintiff appears to allege that when he got out of Limited Privileges Housing, Weaver started yelling his name. (*See id*.).

Plaintiff claims that on March 12th or 13th, 2018, Weaver made an inappropriate comment to him in the shower and told him to get out. (*Id*. at PageID 18). Plaintiff claims that when he got out of the shower and asked Weaver why she was "picking on [him]," Weaver "just walked off." (*Id*.). Plaintiff alleges that when he then asked another corrections officer, who is not named as a defendant, whether plaintiff could talk with the Sergeant, Weaver threw plaintiff's property around in his cell. (*Id*.). Plaintiff appears to assert that Weaver prevented him from filing a grievance about the cell incident that day, but that he filed a grievance the next day. (*See id*.). He also claims that a Sergeant and an Investigator, who are not named as defendants, "snapped" at him. (*Id*.).

For relief, plaintiff seeks monetary damages and injunctive relief. (*Id*.).

**C.     Analysis of the Complaint**

Liberally construed, plaintiff's allegations that Weaver retaliated against him for filing a grievance against her are sufficient to state a First Amendment retaliation claim. *See Hill v. Lappin*, 630 F.3d 468, 471-77 (6th Cir. 2010). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

4

First, plaintiff's claims against defendant Weaver in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945). A suit against a defendant in his or her official capacity would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, Weaver is immune from suit in her official capacity to the extent that plaintiff seeks monetary damages.

Next, plaintiff's claim that defendant Weaver falsely wrote a conduct report against him is subject to dismissal for failure to state a claim upon which relief may be granted. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a

5

deprivation of a constitutional right. *See, e.g.*, *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Id*. at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). Plaintiff's allegations are insufficient to trigger constitutional concerns because he has failed to allege facts suggesting that he was deprived of a protected liberty interest without due process as a result of the allegedly false conduct report. *See Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (stating that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original).

To the extent that plaintiff seeks to hold defendant Weaver liable for threats and verbal harassment, his allegations do not rise to the level of a constitutional violation. It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (in affirming dismissal of Eighth Amendment claim based on a correctional employee's "alleged offer of sexual favors," the Sixth Circuit stated that "verbal abuse and harassment do not constitute punishment that

would support an Eighth Amendment claim"); *Montgomery v. Harper,* No. 5:14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) (and Sixth Circuit cases cited therein) (dismissing an inmate's § 1983 claim alleging "verbal harassment" and "abusive language" by a state correctional officer). *Cf. Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3rd Cir. 2013) (and Sixth, Fifth and Tenth Circuit cases cited therein) ("mere threatening language does not amount to a constitutional violation"). Therefore, plaintiff has not stated a viable claim for relief under the Eighth Amendment to the extent he alleges that defendant Weaver verbally harassed and threatened him.

To the extent that plaintiff seeks to hold Weaver liable for sexual harassment, plaintiff's allegations also fail to state a claim upon which relief may be granted. It appears that plaintiff bases any claim of sexual harassment on the comments and verbal harassment alleged in the complaint. However, sexual harassment, absent contact or touching, does not violate the Eighth Amendment. *See Sautter v. Halt*, No. 4:12-cv-2399, 2015 WL 1915251, at *8 (N.D. Ohio Apr. 27, 2015) (citing cases).

Further, to the extent that plaintiff seeks to hold defendant Weaver liable for interfering with the grievance process, plaintiff's allegations fail to state a claim upon which relief may be granted. "Prison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted).

Accordingly, in sum, the complaint (Doc. 1-1) should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **with the exception of** plaintiff's First Amendment retaliation claim against defendant Weaver.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint (Doc. 1-1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), **with the exception of** plaintiff's First Amendment retaliation claim against defendant Weaver.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint (Doc. 1-1),[1] summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Weaver.

2. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge

---

[1] Plaintiff did not submit a copy of the complaint to the Court for purposes of service of process. Plaintiff's constitutional right of access to the courts does not include unlimited free photocopying services. *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). Furthermore, although plaintiff has been granted the right to proceed *in forma pauperis*, he is not entitled under the *in forma pauperis* statute to free copies of documents that he generated and previously filed with the Court. *See Anderson v. Gillis*, 236 F. App'x 738, 739 (3rd Cir. 2007); *see also Martin v. Aramark Food Corp.,* No. 2:15cv1112, 2015 WL 3755944, at *4 (S.D. Ohio June 16, 2015); *Brown v. Voorhies*, No. 2:07cv13, 2007 WL 2071907, at *1 (S.D. Ohio July 17, 2007). This Court's local rules permit plaintiff to submit handwritten, legible copies of his complaint. *See* S.D. Ohio Local Civ. R. 5.1(a). While some latitude may be extended to pro se litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). However, in the interests of justice and on this one occasion, the Court will make a copy of the complaint for purposes of service of process. Plaintiff is forewarned that he must provide his own paper copies, as is necessary, in the future.

which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMUAL S. BURKS,  
    Plaintiff,

vs

CHRISTIE WEAVER,  
    Defendant.

Case No. 1:18-cv-282

Dlott, J.  
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).