**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMUAL S. BURKS,

    Plaintiff,

v.

CHRISTINA WEAVER,

    Defendant.

Case No. 1:18-cv-282

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an incarcerated individual who proceeds *pro se*, tendered a complaint against a correctional officer at the Lebanon Correctional Institution on April 24, 2018. On May 11, 2018, the undersigned entered an Order that granted Plaintiff's motion to proceed *in forma pauperis*, and a Report and Recommendation that permitted a single First Amendment retaliation claim to proceed against the Defendant, while recommending dismissal of all other claims. (Doc. 5).

Pursuant to local practice, this case has been referred to the undersigned for initial consideration and for a report and recommendation on any dispositive motions. The undersigned now recommends that Defendant's pending motion for summary judgment (Doc. 13) be GRANTED, and that this case be dismissed.

**I.    Background**

As stated, the Court previously dismissed most of Plaintiff's claims on initial screening under the Prison Litigation Reform Act. However, the Court determined that Plaintiff's allegations that Defendant retaliated against him for filing a grievance against her were sufficient to state a First Amendment Retaliation claim deserving of further

development. (Doc. 5).

Discovery in this case closed on February 1, 2019. On May 1, 2019, Defendant filed a motion for summary judgment. (Doc. 13). After Plaintiff failed to file any timely response, Plaintiff was ordered to "show cause" why the motion should not be construed as unopposed and granted for the reasons stated. (Doc. 14). On June 19, 2019, Plaintiff filed a letter/response to the Order to Show Cause. (Doc. 15). In the June letter, Plaintiff fails to respond to the substance of the Defendant's motion, and instead bemoans his view that he has already "lost." (Doc. 15). The letter goes on to state: "All I want is my respect from the DRC employees til I go home in Restitution from all the funds ya'll took just to file this law suite with that said I'll close the whole [law suite] if she can say she's sorry for havin me placed [into] "seg" for nothin…Face-2-face in your Court…."
(Doc. 15 at 1, punctuation, grammar and spelling original).

On June 19, 2019, the undersigned entered an order in an effort to provide Plaintiff with "one final opportunity" to respond to Defendant's motion for summary judgment on the merits. (Doc. 16). The Court's order reiterated that if Plaintiff failed to file a substantive response, the Court would consider granting the Defendant's unopposed motion for the reasons stated. (*Id.*) On August 2, 2019, Plaintiff filed a second letter, hereby construed as Plaintiff's memorandum in opposition to Defendant's motion for summary judgment. In this second letter, Plaintiff argues that "we (inmates) do our part in this so called Grievance procedures but nothin ever gets taken serious, the system always denie our complaints don't ever hear us out in shit on (us) in our point-of-view." (Doc. 17 at 1, punctuation, grammar and spelling original). Plaintiff goes on to state that he is "willing to dismiss this whole thing" if the Defendant tells him she is sorry; Plaintiff

offers to apologize and dismiss this case upon receipt of the Defendant's apology. (*Id.*)

## II. Analysis of Summary Judgment Motion

### A. Standard of Review.

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). The moving party has the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on the pleadings, but must present significant probative evidence in support of his case to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 248-49. The mere scintilla of evidence to support the nonmoving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the nonmoving party. *Id.* at 252. As Plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). However, his status as a pro se litigant does not alter his burden of supporting his factual assertions with admissible evidence when faced with a summary judgment motion. *Maston v. Montgomery Cnty. Jail Med. Staff Personnel*, 832 F. Supp. 2d 846, 851-52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 Fed. Appx. 482, 485 (6th Cir. 2010)).

## B. Plaintiff Has Failed to Exhaust his Administrative Remedies

Defendant's motion for summary judgment seeks judgment as a matter of law on grounds that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act. The undersigned agrees that the instant claim is barred based upon Plaintiff's failure to exhaust.

Pursuant to the PLRA, prisoners are required to fully exhaust available institutional remedies prior to filing suit in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002).

It is well established that such exhaustion is "mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 201, 211, 127 S. Ct. 910 (2007). The PLRA requires "proper exhaustion of administrative remedies," meaning all applicable procedures and deadlines must be followed. *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91, 126 S. Ct. 2378 (2002). The exhaustion requirement's goals can be achieved "only if the prison grievance system is given a fair opportunity to consider the grievance." *Id*. at 82. "That cannot happen unless the grievant complies with the system's critical procedural rules." *Id.* If a prisoner fails to exhaust available administrative remedies before filing a complaint in federal court, or only partially exhausts them, then

dismissal of the complaint is appropriate. *Hopkins v. Ohio Dep't of Corr.*, 84 Fed. Appx. 526, 527 (6th Cir. 2003) (citing 42 U.S.C. § 1997e(a) and *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997)). "Exhaustion may not be completed after a federal complaint has been filed." *Hopkins*, 84 Fed. Appx. at 527 (citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999)). "In a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cnty.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing Jones, 549 U.S. at 204).

The Ohio Department of Rehabilitation and Correction ("ODRC") offers a three-step grievance system to every inmate at each of its institutions. Ohio Admin. Code §5120-9-31(J). All inmates and staff members receive a written explanation of the grievance system and instructions for its use. Ohio Admin. Code § 5120-9-31(C). The first step of the grievance procedure allows inmates to submit an informal complaint to the supervisor of the department or staff member directly responsible for the issue concerning the inmate, but requires any such complaint or grievance to be submitted no later than fourteen days from the date of the event giving rise to the grievance. Ohio Admin. Code § 5120-9-31(J)(1). Inmates dissatisfied with the results of step one may proceed to step two by obtaining a Notification of Grievance form from the Inspector of Institutional Services and filing a formal grievance at the prison where the inmate is confined. Ohio Admin. Code § 5120-9-31(J)(2). Formal grievances must be submitted within fourteen days from the date an inmate receives a response to his informal complaint at step one. *Id.*

If dissatisfied with the results of his formal complaint at step two, the inmate may proceed to step three of the grievance process by requesting an appeal form from the

Office of Inspector of Institutional Services and submitting the appeal form to the Office of the Chief Inspector at ODRC. Ohio Admin. Code § 5120-9-31(J)(3). The step three appeal must be filed within fourteen days of the date of the disposition of his formal complaint. The Chief Inspector is to provide a written response within thirty calendar days of receiving an appeal, unless he extends the timeframe for good cause and notifies the inmate. *Id.* Decisions of the Chief Inspector are final, meaning that the Ohio Administrative Code provides no further means for appeal. *Id.*

Turning to the record presented, Defendant persuasively argues that Plaintiff has failed to fully exhaust his administrative remedies for his retaliation claim. All of Plaintiff's allegations of retaliation by the Defendant took place between December 2017 and March 2018. (Doc. 3). Although Plaintiff did file several informal grievances sufficient to exhaust step one of the grievance procedure, he did not fully exhaust any of those grievances. Notably, neither of Plaintiff's letter responses dispute the fact that he failed to fully exhaust all three steps of Ohio's grievance procedure on his retaliation claim.

Defendant's evidentiary exhibits also support the entry of summary judgment. Those exhibits demonstrate that Plaintiff filed an informal complaint on December 7, 2017 complaining that Defendant had taken a cookie tray from him. (*See generally* Doc. 13-1 and Exh. C). On December 25, 2017, after receiving an adverse initial response, Plaintiff elevated his complaint to a grievance. Plaintiff's notification of grievance was denied by Lora Austin, the institutional inspector at the LeCI, on January 8, 2018. (*Id.*) Another of the allegations in the complaint concerns an alleged inappropriate comment to Plaintiff about his genitalia on March 12 or 13 when Plaintiff was in the shower. Plaintiff filed two informal grievances earlier in March over shower-related complaints, but those

6

grievances were denied on March 6 and March 7, 2018, respectively. There is no record that Plaintiff followed up by filing a notification of grievance as would have been required to exhaust step two of Ohio's procedure, and correspondingly, no evidence that he exhausted step three.

Thus, the undisputed evidence confirms that Plaintiff failed to complete all three steps of the grievance procedure as required by Ohio Admin. Code 5120-9-31(J) and has failed to fully exhaust his administrative remedies. Under Rule 56(e), Fed. R. Civ. P., the legal argument and undisputed evidence entitles the Defendant to summary judgment. Because the Defendant is entitled to judgment as a matter of law based upon Plaintiff's failure to fully exhaust, the undersigned declines to address Defendant's alternative arguments in favor of judgment, including but not limited to qualified immunity.

**III.	Conclusion and Recommendations**

For the reasons stated, **IT IS RECOMMENDED THAT** Defendant's motion for summary judgment (Doc. 13) be **GRANTED** and that this case be **CLOSED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMUAL S. BURKS,

    Plaintiff,

v.

CHRISTINA WEAVER,

    Defendant.

Case No. 1:18-cv-282

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).